UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE AVIATION CONSULTING, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR PEACE, LIMITED, et al.<br><br>Defendants. | Case No.: 3:17-cv-00662-L-KSC<br><br>**ORDER GRANTING MOTION [Doc. 16] TO DISMISS** |

Pending before the Court is Defendants Davenport Aviation and Joao Simoes' ("Defendants") motion to dismiss for lack of venue. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the foregoing reasons, the Court **GRANTS** Defendants' motion.

//
//
//
//
//
//
//

This dispute arises out of an alleged breach of contract by Defendants. Plaintiffs Skyline Aviation Consulting, LLC, and Skyline's owner Premchand Dipnarain ("Plaintiffs") are in the business of providing technical consulting services to air carriers. Defendant Davenport Aviation ("Davenport") is in the business of managing information processing and control systems for the aviation industry. Plaintiffs and Davenport entered into a contract pursuant to which Davenport would provide certain technical services to Plaintiffs in exchange for money. Of relevance to the present motion, the contract contained a choice of law and forum selection clause that states:

> This Agreement will be governed and interpreted by the internal laws of the State of Ohio without reference to the conflict of laws rules. Further, the parties consent to the jurisdiction and venue of the State and Federal Courts located in Franklin County Ohio.

(Contract [Doc. 1-3] § G.) Notwithstanding, Plaintiffs filed the present action, alleging breach of contract and claims derivative of the alleged breach of contract, in the United States District Court for the Southern District of California. Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(3) for lack of venue.

Forum selection clauses are presumed valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A court can set aside a forum selection clause only if the challenging party shows enforcement would be unreasonable. *Id.* A forum selection clause is unreasonable if

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

Plaintiffs have not submitted any evidence in support of their opposition to the forum selection clause. Rather, they simply assert that the forum selection clause is unreasonable because (1) its inclusion is the product of overweening bargaining power and (2) it would be more convenient to litigate this case in San Diego because all

witnesses live around the San Diego area. Plaintiffs' first argument consists only of a statement that Defendants lawyer drafted the contract. From the fact that Defendants' attorney drafted the forum selection clause, it simply does not follow that Defendants used overweening bargaining power to force Plaintiffs to agree to the forum selection clause.

Plaintiffs' second argument is unpersuasive because it misconstrues the law. It is not enough that litigation in the Southern District would be more convenient than litigation in the agreed upon forum. Rather, geographic concerns will only render a forum selection clause invalid if enforcement would, as a practical matter, create such grave difficulty as to deny Plaintiffs their day in Court. *Argueta,* 87 F.3d at 325. Plaintiffs make no argument that enforcement of the Forum Selection Clause would have the practical effect of completely denying them their day in Court.

For the foregoing reasons, the Court **GRANTS** Defendants' Fed. R. Civ. P. 12(b)(3) motion to dismiss. Though the Court finds Plaintiffs' legal arguments to be lacking in merit, they are not so baseless or frivolous to warrant sanctions under Fed. R. Civ. P. 11(b). Accordingly, the Court **DENIES** Defendants' motion [Doc. 23] for Rule 11 sanctions.

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
Hon. M. James Lorenz
United States District Judge